# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| JASON FREGIA, §<br>    *Plaintiff*, §<br>§<br>V. §   CASE NO. 1:14-CV-530<br>§<br>MICHAEL C. BOONE, *et al.*, §<br>    *Defendants*. § | |

## ORDER OF DISMISSAL AND ADOPTING
## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report and recommendation on the defendants, motion to dismiss. Judge Giblin recommended that the Court grant that motion and dismiss the plaintiff's claims for failure to state a claim upon which relief can be granted.

The plaintiff filed objections to Judge Giblin's report. In his objections, the plaintiff contends that Judge Giblin (1) erroneously applied a heightened level of scrutiny in considering the plaintiff's pleading; (2) wrongfully disregarded "a preference for reaching the merits," and he argues that (3) the plaintiff should have been allowed the opportunity to amend before the magistrate judge recommended dismissal. The plaintiff goes on to outline facts which he argues supports his claims.

Defendants filed a response to the plaintiff's objections. Defendants first point out that the plaintiff filed an amended complaint and was given ample opportunity to amend his complaint in response to the defendants' motion to dismiss. Defendants next contend that once plaintiff was granted leave to file his amended complaint, he failed to assert facts supporting a constitutional claim. They also argue that they properly asserted their immunity defenses in their Rule 12(b)(6) motion to dismiss before filing an answer. Finally, defendants respond by arguing that plaintiff

wholly fails to object specific factual or legal findings in Judge Giblin's report

Upon review of the magistrate judge's report, plaintiff's objections, and the defendants' response, the Court agrees that the plaintiff fails to point to specific findings of fact and conclusions of law set forth in Judge Giblin's detailed report. His objections therefore fail to establish any error in the magistrate judge's report with the specificity required by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); FED. R. CIV. P. 72 (requiring specific objections). Additionally, although the plaintiff lists case law in his objections, none of the precedent cited shows how Judge Giblin legally erred in considering the plaintiff's amended complaint under the governing pleading standards. *See Report*, at pp. 7-9. There is no indication that Judge Giblin wrongfully applied a heightened pleading standard as suggested by the plaintiff. The Court also agrees that plaintiff was given ample opportunity to correct the deficiencies in his pleading when he was granted leave to amend. He also failed to seek leave to amend for several months after being put on notice of the issues with his pleading as stated in defendants' motion to dismiss. Judge Giblin discussed the applicable law governing his constitutional claims as well as the qualified immunity and Eleventh Amendment immunity issues and properly analyzed the case pled by plaintiff under these standards. By failing to specifically object to the magistrate judge's legal conclusions, the plaintiff has in turn failed to establish how Judge Giblin erred.

Accordingly, pursuant to the plaintiff's objections and in accordance with 28 U.S.C. § 636(b)(1), the court conducted a *de novo* review of the magistrate judge's findings, the record, the plaintiff's objections, defendants' response, and the applicable law in this proceeding. After review,

the court finds that Judge Giblin's findings and recommendations should be accepted. The plaintiff's objections [Doc. #22] are overruled. The court **ORDERS** that the report and recommendation [Doc. #10] on the defendant's motion to dismiss is **ADOPTED**. The court further **ORDERS** that defendant's motion to dismiss [Doc. #7] is **GRANTED**. The plaintiff's causes of action are dismissed in their entirety, with prejudice, for failure to state a claim upon which relief can be granted. The Clerk is directed to **CLOSE** this case and all pending motions not addressed herein are **DENIED as MOOT**. This constitutes a final judgment for purposes of appeal.

So **ORDERED** and **SIGNED** this **29** day of **September, 2015.**

_____

Ron Clark, United States District Judge